[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-11119
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00943-CV-J-12-TEM

FREDERICK LAWRENCE SNYDER, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(January 17, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Frederick Snyder, Jr., a federal prisoner appearing pro se, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

Snyder had been convicted of manufacturing or cultivating 100 or more marijuana plants, in violation of 21 U.S.C. § 841. We granted a certificate of appealability on this issue: "Whether the district court should have construed Snyder's statement in his reply to the government's response to his [section] 2255 motion, as a motion to amend his [section] 2255 motion to add a claim that his plea was not knowing and voluntary." No reversible error has been shown; we affirm.[1]

In his initial section 2255 motion, Snyder identified four specific reasons why he received ineffective assistance of counsel, including that, before Snyder pled guilty to manufacturing or cultivating at least 100 marijuana plants, his lawyer failed to investigate (1) the "knock and talk" procedure used by police to conduct a search in this case and (2) the quantity of marijuana involved in Snyder's offense. According to Snyder, if his lawyer had investigated the amount of marijuana, he would have discovered that the government had seized less than 100 marijuana plants and would not have provided ineffective assistance by convincing Snyder to agree to a quantity of marijuana that did not exist. The government responded that, among other things, Snyder failed to argue that his

---

[1]In considering a district court's denial of a section 2255 motion, we review findings of fact for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

guilty plea was not knowing and voluntary and that, as a result, he waived claims that could have been raised before pleading guilty.

Snyder replied to the government's response, arguing that (1) his guilty plea did not waive his right to challenge the constitutionality of the "knock and talk" procedure and (2) the district court should consider whether the quantity of marijuana attributed to Snyder actually existed or whether his lawyer coerced him into pleading guilty to an offense involving 100 or more marijuana plants.

On appeal, Snyder argues that the district court should have construed his reply more liberally and viewed his reply as arguing that he was unaware of the rights waived when he pled guilty. Snyder asserts that the district court erred in not construing this argument as an amendment or supplement to his section 2255 motion about whether he knowingly and voluntarily entered his guilty plea.

After careful consideration of the record, we are not persuaded by Snyder's argument. In Clisby v. Jones, 960 F.2d 925, 934 (11th Cir. 1992), we wrote that district courts must "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." Even assuming that Clisby applies to the consideration of Snyder's section 2255 motion, we see no reversible error in the district court's decision to deny

3

Snyder's motion without specifically addressing whether his guilty plea was knowing and voluntary.

Snyder filed no motion seeking leave to amend his section 2255 motion after the government filed its response to it.[2]  And even liberally construed, Snyder's reply to the government's response did not seek leave to amend his section 2255 motion by raising a claim that his plea was not knowing and voluntary.  To the extent that Snyder argued in his reply that he did not waive his right to challenge the police search, it appears that Snyder was disagreeing with the government's position on the effect of his guilty plea -- including that Snyder's guilty plea waived non-jurisdictional claims that could have been raised before his plea -- instead of arguing that his guilty plea was not knowing and voluntary.  And Snyder's claim about being coerced into pleading guilty appears to concern whether he received ineffective assistance of counsel -- a claim addressed by the district court -- because his lawyer supported his guilty plea without investigating

---

[2]Under Rule 12 of the Rules Governing Section 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2255 Proceedings. Fed.R.Civ.P. 15 permits a party to amend a pleading once "as a matter of course at any time before a responsive pleading is served," or, otherwise, "only by leave of court or by written consent of the adverse party."  See Fed.R.Civ.P. 15(a).

the government's evidence on the number of marijuana plants involved in this case.[3]

Therefore, we do not believe that Snyder's reply amended his section 2255 motion to raise claims beyond the four arguments addressed by the district court. We affirm the denial of Snyder's section 2255 motion.

AFFIRMED.

---

[3]We note that, in addressing this particular ineffective assistance of counsel claim, the district court explained that Snyder agreed with the factual basis set forth by the government that his offense involved more than 100 marijuana plants and that Snyder admitted that he entered into his guilty plea without threat, coercion, or intimidation.